## WOODS v. BAXTER CREEK IRR. DIST. et al.

Circuit Court of Appeals, Ninth Circuit.
March 30, 1928.

No. 5284.

Waters and water courses ⬤=⇒230(2)—Bonds for irrigation district's acquisition of property not specified in district's plans or purposes, where issued without petition of landowners, held void (Irrigation District Law Cal. § 15a, as added by St. 1917, p. 757).

Irrigation district's bonds, apparently issued to cover promotion expenses generally, and property and property rights conveyed to district, *held*, void, under Irrigation District Law Cal. § 15a, as added by St. 1917, p. 757, in force when bonds were voted and property conveyed, and amendment effective July 27, 1917, where no petition by landowners was presented to or acted upon by directors, and where property purchased was not specified in plans approved by bond commission and adopted by directors, and acquisition of property was not among purposes specified for any bond issue; it being immaterial whether original law or amendment was applicable.

Appeal from the District Court of the United States for the Northern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Suit by M. H. Woods against the Baxter Creek Irrigation District and others. From a decree dismissing the complaint, plaintiff appeals. Affirmed.

William Story, Jr., of Salt Lake City, Utah, and Benjamin S. Crow, of Los Angeles, Cal., for appellant.

C. E. McLaughlin, of Sacramento, Cal., and James A. Pardee, of Susanville, Cal., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree dismissing a complaint in equity on final hearing. The suit involved the validity of certain bonds of an irrigation district organized under the laws of the state of California. The consideration paid for the bonds held by the appellant is left in much doubt. It was, at least in part, certain property and property rights conveyed to the district; but we think it is a fair inference from all the testimony that the bonds were in fact issued and delivered to cover all promotion expenses of every kind, running through

a period of some years prior to the organization of the district.

Section 15 of the irrigation district law (St. 1897, p. 258, as amended by St. 1911, p. 511), in force when the bonds were voted and when the property was conveyed to the district, provided that no purchase or lease of any waters, or water rights, or canals, or reservoirs, or reservoir sites, or irrigation works, or other property of any nature or kind, or stock in any other corporation, for any price, aggregate rental, or consideration, in excess of $10,000, should be final or binding on the district, nor should the purchase price, rental, or consideration, or any part thereof, be paid or rendered until a petition of a majority of the holders of title, or evidence of title, and of possessory rights to lands within the district, representing a majority in value of such lands, should be filed with the board of directors and an order of the board made thereon confirming such purchase.

The bonds now in controversy are of the par value of $35,000, no petition was presented to or acted upon by the board of directors as required by the above section, and, if the validity of the bonds is to be determined by reference to that section, they are clearly invalid. We do not understand that the appellant contends otherwise.

An amendment to section 15 (section 15a, as added by St. Cal. 1917, p. 757) became effective July 27, 1917, the amendment providing that the petition above referred to should not be required where the property to be purchased, or the lease, was specified in the plans approved by the irrigation district bond commission and adopted by the board of directors, as provided in section 30 of the act, or was among the purposes specified for any bond issue authorized by vote of the electors of the district. While the deed to the district which was the consideration for the bonds, in whole or in part, was dated May 1, 1917, and was filed for record prior to the effective date of the amendment, the appellant contends that the validity of the bonds must be determined by reference to the amendment, and not by reference to the original section. But whether this contention be sound or not we need not inquire, because it is entirely clear to us that the bonds are invalid under the amendment, as well as under the original section. The property to be purchased was not specified in the plans approved by the irrigation district bond commission and adopted by the board of directors, nor was the acquisition of this property among the purposes specified for any bond

issue authorized by vote of the electors of the district. The bonds were merely authorized for the general purpose of constructing necessary irrigation canals and works and acquiring the necessary property rights therefor, and for the purpose of acquiring water, water rights, and other property necessary to the district. No reference whatever was made in any of the proceedings to the acquisition of this or any other specific property. We might add, further, that the record leaves little room to doubt that the bonds were in fact delivered in large part to cover promotion expenses, which the district was not authorized to pay by the delivery of bonds or otherwise. Ser-Vis v. Victor Valley Irrigation District, 190 Cal. 732, 214 P. 223.

The decree of the court below is affirmed.